KLEIN, Judge.
Appellant argues for a reversal of her conviction for purchasing cocaine because the evidence was insufficient, because the court did not give a lesser included instruction, and because the prosecutor referred to a cocaine pipe found in appellant’s purse which the state had not disclosed during discovery. We reverse because of the reference to the pipe.
Appellant, along with two other people who were occupying the same vehicle, became involved in the purchase of cocaine in a reverse sting operation. At trial, appellant testified that she had not participated in the purchase, but only happened to be in the vehicle when the other two occupants made the purchase. On cross-examination the prosecutor asked her why she was the only one of the three who had a cocaine pipe in her purse. Appellant objected and moved for a mistrial because the state had not disclosed the existence of the pipe in response to a request for discovery. Although it sustained the objection because the pipe had not been listed, the court indicated that the existence of the pipe could become relevant to impeach appellant if she testified that she was not familiar with cocaine. The prosecutor then elicited testimony to that effect, and the court then allowed the prosecutor to ask appellant why she had the cocaine pipe in her purse.
The court did not reach the point in this case of conducting an inquiry pursuant to Richardson v. State, 246 So.2d 771 (Fla.1971), presumably because it was clear that the cocaine pipe, not having been disclosed in discovery, was inadmissible. If the court had admitted the cocaine pipe into evidence without a Richardson inquiry, a new trial would be required under Smith v. State, 500 So.2d 125, 127 (Fla.1986). Permitting counsel to cross-examine appellant about the cocaine pipe having been found in her purse allowed the prosecutor to accomplish indirectly what the prosecutor could not accomplish directly. There is no exception to the Richardson rule for impeachment. Smith, 500 So.2d at 127.
Although appellant’s involvement in the purchase of cocaine was sufficient to support her conviction, the evidence did show that the officer involved in the sting operation handed the cocaine to the driver and received the money from the other passenger. But for the improper reference to the cocaine pipe found in appellant’s purse, the jury might well have acquitted her. We therefore conclude that the reference to the pipe was highly prejudicial here and requires a new trial.
As to appellant’s claim that the trial court erred in refusing to instruct the jury on the lesser included offense of attempted purchase of cocaine, we agree with the state that this was not error because the only evidence here showed a completed offense. Fla. R.Crim.P. 3.510(a).
Reversed.
DELL, C.J., and GUNTHER, J., concur.